UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 3, 2018

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| v. | : | Grand Jury Original |
| | : | |
| JUSTIN YARBROUGH, | : | |
| | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud); |
| Defendant. | : | 18 U.S.C. § 1001 (False Statements) |
| | : | |

# INDICTMENT

The Grand Jury charges that:

### Introduction

At all times material to this Indictment:

1. Defendant, JUSTIN YARBROUGH, was employed as an investigator for U.S. Investigation Services ("USIS"), a government contracting agency which is no longer in business but which previously conducted background investigations on behalf of the Office of Personnel Management ("OPM"), an agency within the executive branch of the federal government located in Washington, D.C.

2. OPM's Federal Investigative Services ("FIS"), which is now known as the National Background Investigations Bureau ("NBIB"), was responsible for conducting background investigations for numerous federal agencies and their contractors. OPM-FIS had an investigator workforce comprised of federal agents employed by OPM-FIS and investigators employed by companies such as USIS, which were under contract with OPM-FIS to conduct background investigations. OPM-FIS conducted background investigations of individuals who were either

employed by or seeking employment with federal agencies or government contractors. The purpose of the background investigations was to determine individuals' suitability for positions of public trust, for positions having access to classified information, for positions impacting national security, and for receiving or retaining security clearances.

3. In conducting these background investigations, contract investigators such as YARBROUGH would conduct interviews of individuals who had information about the person who was the subject of the background investigation. In addition, contract investigators such as YARBROUGH would seek out, obtain, and review documentary evidence, such as employment records, disciplinary records, education records, and rental records, to verify and corroborate information provided by either the subject of the background investigation or by persons interviewed during the investigation. After conducting interviews and obtaining documentary evidence, contract investigators would prepare a Report of Investigation ("ROI"), containing the results of the interviews and records reviews, and would electronically submit the ROI to OPM, through the OPM's mainframe computer, located in Washington, D.C. OPM would then provide a copy of the report and investigative file to the requesting agency and maintain a copy in its records system.

4. OPM relied upon contracting agencies, such as USIS, and contract investigators, such as YARBROUGH, to prepare and submit accurate and truthful ROIs, so that OPM could, in turn, provide accurate and truthful background investigation reports and files to the agencies who requested the background checks.

5. The requesting agencies utilized and relied upon the ROIs prepared by investigators such as YARBROUGH in order to determine whether the subjects of these investigations were suitable for positions of public trust, for positions having access to classified information, for

positions impacting national security, and for receiving or retaining security clearances.

6. USIS relied on investigators such as YARBROUGH to prepare and submit accurate and truthful ROIs in order to maintain its contract and its business relationship with OPM.

7. Additionally, in paying YARBROUGH his salary, USIS relied upon the representations he made in his ROIs that he had completed the assigned interviews and records checks that he summarized in the reports.

## COUNTS ONE THROUGH FOUR
### (WIRE FRAUD)

8. Between on or about August 16, 2013, and on or about May 16, 2014, in the District of Columbia and elsewhere, the defendant, JUSTIN YARBROUGH, devised and intended to devise a scheme to defraud and to obtain money and property from USIS and OPM by means of materially false and fraudulent pretenses, representations, and promises, by making and causing to be made false statements to USIS, OPM, and others, as more fully described below.

### Purpose of the Scheme to Defraud

9. It was a purpose of the scheme to defraud that YARBROUGH submitted false and inaccurate ROIs to make it appear that he was doing all of the background investigation work assigned to him, when he was not in fact completing all of this work, thereby maintaining his employment and collecting his full salary under false pretenses.

### Manner and Means

10. Between on or about August 16, 2013, and on or about May 16, 2014, in the District of Columbia and elsewhere, YARBROUGH submitted ROIs in which he falsely stated that he had interviewed sources whom he had not, in fact, interviewed, and that he had conducted records checks that he had not, in fact, conducted, and in which he fabricated the information he claimed to

have learned during these interviews and records checks that he never actually conducted.

### Acts in Furtherance of the Scheme

11. On or about August 16, 2013, YARBROUGH falsely and fraudulently reported that during the investigation into subject R.E., for a position at the Department of the Air Force with Top Secret (Phase PR) clearance, he conducted a rental record check with source C.V.

12. On or about September 13, 2013, YARBROUGH falsely and fraudulently reported that during the investigation into subject C.R., for a position with the Department of Homeland Security with Top Secret (SSBI- PR) clearance, he interviewed and conducted a rental record check with source V.B.

13. On or about October 18, 2013, YARBROUGH falsely and fraudulently reported that during the investigation into subject S.T., for a Public Trust position with the Department of Justice, he interviewed sources K.L. and V.W.

14. On or about November 18, 2013, YARBROUGH falsely and fraudulently reported that during the investigation into subject S.B., for a position with the Department of Justice with Top Secret (SSBI-PR) clearance, he interviewed source N.L.

15. On or about February 4, 2014, YARBROUGH falsely and fraudulently reported that during the investigation into subject M.B., for a position with the Department of the Army with Top Secret (SSBI) clearance, he conducted records checks with sources K.R. and F.R.

16. On or about February 5, 2014, YARBROUGH falsely and fraudulently reported that during the investigation into subject J.P., for a position with the Department of the Air Force with Top Secret (SSBI) clearance, he interviewed and conducted a personnel record check with source L.P.

17. On or about April 16, 2014, YARBROUGH falsely and fraudulently reported that

during the investigation into subject D.W., for a position with the Department of the Air Force with Top Secret (SSBI) clearance, he conducted records checks with sources K.R. and F.R.

18. On or about April 21, 2014, YARBROUGH falsely and fraudulently reported that during the investigation into subject K.S., for a Public Trust position with the Department of Justice, he conducted a records check with source A.S.

19. On or about April 22, 2014, YARBROUGH falsely and fraudulently reported that during the investigation into subject C.C., for a position with the Office of Personnel Management with Top Secret (Phase PR) clearance, he interviewed source E.H.

20. On or about April 30, 2014, YARBROUGH falsely and fraudulently reported that during the investigation into subject R.E., for a position with the Department of Defense with Top Secret (SSBI) clearance, he conducted records checks with sources K.R. and F.R.

21. On or about May 13, 2014, YARBROUGH falsely and fraudulently reported that during the investigation into subject E.P., for a position with the Department of the Air Force with Top Secret (SSBI) clearance, he conducted records checks with source Z.E.

### Execution of the Scheme

22. On or about the dates listed below, in the District of Columbia and elsewhere, the defendant, JUSTIN YARBROUGH, for the purpose of executing and attempting to execute the above-described scheme to defraud, did willfully cause to be transmitted by means of wire communication in interstate commerce, into and through the District of Columbia, certain writings, signals, and sounds, that is, the items listed below:

| Count | Date (Approx.) | Description |
|---|---|---|
| ONE | 2/4/2014 | YARBROUGH electronically connected to the OPM's mainframe computer and transmitted an ROI for subject M.B., in which he falsely and fraudulently reported that he conducted records checks with sources K.R. and F.R. |

| Count | Date (Approx.) | Description |
|---|---|---|
| TWO | 2/5/2014 | YARBROUGH electronically connected to the OPM's mainframe computer and transmitted an ROI for subject J.P., in which he falsely and fraudulently reported that he interviewed and conducted a record check with source L.P. |
| THREE | 4/21/2014 | YARBROUGH electronically connected to the OPM's mainframe computer and transmitted an ROI for subject K.S., in which he falsely and fraudulently reported that he conducted a records check with source A.S. |
| FOUR | 5/13/2014 | YARBROUGH electronically connected to the OPM's mainframe computer and transmitted an ROI for subject E.P., in which he falsely and fraudulently reported that he conducted a records check with source Z.E. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343).**

## COUNT FIVE
**(Making a False Statement)**

23.  The allegations contained in paragraphs one through seven and ten through twenty-two of this Indictment are incorporated herein by reference as if stated in full.

24.  On or about February 4, 2014, in the District of Columbia and elsewhere, in matters within the jurisdiction of the executive branch of the government of the United States, the defendant, JUSTIN YARBROUGH, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, in an ROI submitted to OPM, YARBROUGH stated that he had conducted a records check that he had not, in fact, conducted.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001(a)(2))**

## COUNT SIX
**(Making a False Statement)**

25.  The allegations contained in paragraphs one through seven and ten through twenty-two of this Indictment are incorporated herein by reference as if stated in full.

26.  On or about February 5, 2014, in the District of Columbia and elsewhere, in matters

within the jurisdiction of the executive branch of the government of the United States, the defendant, JUSTIN YARBROUGH, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, in an ROI submitted to OPM, YARBROUGH stated that he had conducted an interview and a records check that he had not, in fact, conducted.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001(a)(2))**

## COUNT SEVEN
**(Making a False Statement)**

27. The allegations contained in paragraphs one through seven and ten through twenty-two of this Indictment are incorporated herein by reference as if stated in full.

28. On or about April 21, 2014, in the District of Columbia and elsewhere, in matters within the jurisdiction of the executive branch of the government of the United States, the defendant, JUSTIN YARBROUGH, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, in an ROI submitted to OPM, YARBROUGH stated that he had conducted a records check that he had not, in fact, conducted.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001(a)(2))**

## COUNT EIGHT
**(Making a False Statement)**

29. The allegations contained in paragraphs one through seven and ten through twenty-two of this Indictment are incorporated herein by reference as if stated in full.

30. On or about May 13, 2014, in the District of Columbia and elsewhere, in matters within the jurisdiction of the executive branch of the government of the United States, the defendant, JUSTIN YARBROUGH, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, in an ROI submitted to OPM, YARBROUGH

stated that he had conducted a records check that he had not, in fact, conducted.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001(a)(2))**

A TRUE BILL

FOREPERSON

*Jessie K. Liu*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA